UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:06CV-77-M**

**DELBERT RICHIE AND DORIS RICHIE,**
**Administrators and Personal Representatives**
**of the Estate of CHRISTOPHER RICHIE, Deceased**          **PLAINTIFFS**

**VS.**

**HOWARD SERMERSHEIM,**
**JAMES BREWER, and**
**DREW FOAM COMPANIES, INC.**                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Remand [DN 9] by Plaintiffs, Doris and Delbert Ritchie. Fully briefed, this matter stands ripe for decision. For the following reasons, Plaintiffs' Motion to Remand is **GRANTED**.

### I. BACKGROUND

This case arises out of a motor vehicle accident. The Plaintiffs are Delbert and Doris Richie. They represent the Estate of Christopher Richie, who was killed in the accident. The Richies are domiciled in Kentucky. None of the Defendants are domiciled in Kentucky.

Defendants Drew Foam Companies, Inc. ("Drew Foam") and Howard Sermersheim ("Mr. Sermersheim") received the Plaitniffs' Summons and Complaint on May 22, 2006. Defendant James Brewer ("Mr. Brewer") received the Plaintiffs' Summons and Complaint on May 31, 2006. On June 2, 2006, Drew Foam filed a "Petition for Removal." Mr. Sermersheim and Mr. Brewer did not join in that petition. On June 7, 2006, Drew Foam and

Mr. Brewer filed an Answer to the Complaint. On June 14, 2006, Mr. Sermersheim filed an Answer to the Complaint, as well as a Cross-claim against Drew Foam and Mr. Brewer. On June 20, 2006, Mr. Sermersheim submitted Interrogatories and a Request for Production of Documents to the Plaintiff. On June 23, 2006, the Court gave notice that a Scheduling Conference would occur in this matter on August 4, 2006. On June 30, 2006, Mr. Brewer gave Notice of Consent to Drew Foam's Petition for Removal. On that same day, Plaintiffs filed a Motion to Remand this case to the Muhlenberg Circuit Court.

## II. STANDARD OF REVIEW

The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. Id. With a motion to remand, the issue generally is whether the case properly was removed in the first instance. Ouellete v. The Christ Hosp., 942 F. Supp. 1160, 1162 (S.D. Ohio 1996). Federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. See, e.g., Her Majesty v. Detroit, 874 F.2d 332, 339 (6th Cir.1989). The Court has a responsibility to make an independent subject matter jurisdiction determination, rather than relying solely on a conclusory assertion of the defendant. See McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 184 (1936).

### III. DISCUSSION

The issue before the Court is the propriety of the removal. Plaintiffs argue that remand is proper because all Defendants must agree to removal before a case can be properly removed. In this case, Mr. Sermersheim has not done so. Drew Foam and Mr. Brewer argue that the statutory language of 28 U.S.C. § 1446, which provides procedures for removal, does not state a requirement for unanimity. They further contend that Mr. Sermersheim has acceded to removal by filing an Answer and Cross-claim, thus invoking the jurisdiction of the Court.

> 28 U.S.C. § 1446 outlines the procedures for removal:
>
> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), the Sixth Circuit adopted a rule of unanimity, which required "that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.

The court in <u>Loftis v. UPS</u>, 342 F.3d 509, 516 (6th Cir. 2003) further explained this rule:

> [T]here is a rule of unanimity that has been derived from the statutory language prescribing the procedure for removing a state action to federal court, 28 U.S.C. § 1446. This rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court. See <u>Brierly</u> 184 F.3d at 533 n.3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."). Section 1446 states that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." 28 U.S.C. § 1446(a) (emphasis added). In <u>Chicago, R. I. & P. Ry. Co. v. Martin</u>, 178 U.S. 245, 248, 44 L. Ed. 1055, 20 S. Ct. 854 (1900), this statute's precursor containing similar language was interpreted to mean that all the defendants must unite in a petition for removal to federal court. Although in <u>Brierly</u> we mentioned this rule in the context of determining the time within which an earlier-served defendant must consent to a later-served defendant's removal effort, see <u>Brierly</u>, 184 F.3d at 533 n.3, no case decided in this Circuit has made explicit the rule requiring unanimous consent to removal. However, the rule is universally accepted in the other circuits to consider the question. See <u>Marano Enters. of Kan. v. Z-Teca Rests., L.P.</u>, 254 F.3d 753, 754 (8th Cir. 2001); <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995); <u>Doe v. Kerwood</u>, 969 F.2d 165, 167 (5th Cir. 1992); <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986); <u>N. Ill. Gas Co. v. Airco Indus. Gases</u>, 676 F.2d 270, 272-73 (7th Cir. 1982); <u>Cornwall v. Robinson</u>, 654 F.2d 685, 686 (10th Cir. 1981).
> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999). Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

The Sixth Circuit could not have been any clearer that some affirmative act of consent from all defendants is required to remove a case from state court. The holding of <u>Loftis</u> does not contradict 28 U.S.C. § 1446. Rather, the statute is unclear as it does not contemplate

multiple defendants.  In this case, Mr. Sermersheim did not join in the removal petition and did not file his consent to the removal in writing, as did Mr. Brewer.

The only remaining issue is whether Mr. Sermersheim's filing of an Answer, Cross-Claim, Interrogatories, and Discovery constitutes effective consent.  The court in Patrick v. Joint Const. Code Authority, No. 02-10281-BC, 2002 U.S. Dist. LEXIS 25161, at *7 (E.D. Mich. Dec. 16, 2002) held that,

> [W]hen there are multiple defendants, all must timely join in the removal. Chicago, Rock Island and Pacific Ry. v. Martin, 178 U.S. 245, 248, 44 L. Ed. 1055, 20 S. Ct. 854 (1900); Mehney-Egan v. Mendoza, 124 F. Supp. 2d 467, 471 (E.D. Mich. 2000). Passive acquiescence is not sufficient. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999). Consent must be submitted within the thirty-day period prescribed by § 1446. Mendoza, 124 F. Supp. 2d at 471. Although the thirty-day consent deadline is not jurisdictional, it is nonetheless mandatory and must be enforced. See Shadley v. Miller, 733 F. Supp. 54, 55 (E.D. Mich. 1990).

In other words, "a non-removing defendant's filing of motions or pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446."  Hicks v. Emery Worldwide, Inc., 254 F.Supp.2d 968, 985 (S.D. Ohio 2003).

Mr. Sermersheim did not explicitly indicate his consent to the removal of this case from state court.  The case shall, therefore, be remanded to state court in light of the improper removal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [DN 9] is **GRANTED**.

cc: counsel of record
06cv-077Richie